No. 3562

Second Circuit

MOAK v. LOUISIANA CENTRAL LBR. COMPANY

(December 31, 1929. Opinion and Decree.)
(January 31, 1930. Rehearing Refused.)
(March 10, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

WEBB, J. Plaintiff, while engaged in cutting timber for defendant, sustained an accidental injury on Dec. 5, 1927, which immediately disabled him. At the time, plaintiff was standing aside waiting for a tree, which he had cut, to fall. He stood astride the end of a pole which was lying on the ground, and when the tree fell it struck the opposite end of the pole, causing the pole to be thrown upward, striking plaintiff between his legs, and throwing him from the ground, and he fell on his head and shoulders, where he lay for some time suffering great pain.

He was carried by some of his co-workers to a physician, who had him undressed and examined him, finding that there was an injury of one of plaintiff's testicles, for which the physician treated him for five or six weeks, when, the physician states, he had recovered from the injury and was able to resume work.

Following the accident, defendant began paying plaintiff compensation at the rate of $20 per week, the maximum amount allowed under the statute, which was continued until September 8, 1928, with the exception of a period from March 28th to April 25, 1928, when defendant ceased paying compensation.

On October 20, 1928, plaintiff instituted the present action to recover additional compensation. He alleged that in addition to the injury of the testicle he had, at the time of the accident, sustained injuries to the head, spine and hip, which had produced permanent total disability to do work of any reasonable character, and that the injuries had also produced serious permanent impairment of certain physical functions and prayed for judgment for compensation for permanent total disability to do work of any reasonable character, under paragraph (d) subsection 1, section 8, Act

No. 20 of 1914, as amended, subject to such credit for compensation previously paid as the court should determine.

On trial, in February, 1929, judgment was rendered in favor of plaintiff, awarding him additional compensation at the weekly rate of fifty per cent, of the maximum rate for a period of 50 weeks, beginning on September 15, 1928, with legal interest on the payments from date of maturity; from which judgment defendant' appealed, and plaintiff has answered the appeal, praying that the judgment be amended, and that judgment be rendered in his favor as originally demanded.

The theory of plaintiff's case is that he had, at the time of the accident, sustained other injuries than that of the testicle, which, together with the injury of the testicle, had produced permanent total disability to do work of any reasonable character, and had also resulted in impairment of certain physical functions; while the theory of the defense is that the injury of the testicle was the only injury sustained at the time of the accident, and that any disability resulting from that injury had ceased prior to the time defendant quit paying compensation.

Plaintiff offered evidence tending to show that he had been rendered unconscious by the accident, and he testified that he was slightly deaf, and that his memory and sexual power was impaired, and that he experienced pain in his testicles, hip and back, which rendered him unable to work, and he also stated that he had suffered with such pains since the date of the accident; while the physician who examined plaintiff shortly after the accident stated that he did not find any indication of other injury than of the testicle, and that plaintiff had not complained of any other injury during the period that

he treated him, and the evidence established that during the period plaintiff was under treatment for that injury he was able to walk to the physician's office, a distance of seven miles, and to go squirrel hunting, walking a distance of about 15 miles, without any apparent inconvenience, and that he had been engaged for about 21 days in February and March, 1928, in work of a similar character as that he was doing at the time of the accident, and also that in September and October he had been engaged in work of the identical character as that in which he was engaged at the time of the accident.

Plaintiff was examined by physicians selected by the parties and although none of them could find any abnormality or indication of wounds which would account for the pains of which plaintiff complained, they agree that such pains were indicative of a sacro-iliac sprain or injury to the hip, and while the evidence shows that such injury may have resulted from the accident, the evidence also shows that if such injury were sustained at the time of the accident plaintiff would have experienced immediate pain and disability from such injury.

The physician who examined plaintiff within a few hours after the accident was in a better position to determine the nature and extent of plaintiff's injuries than those who examined him months after the accident, and in view of the fact that plaintiff did not complain to the physician of injuries to the back or hip or of pain symptomatic of such injuries during the period the physician treated him, and of the fact that there was not any apparent disability which would have resulted from such injuries, we are of the opinion that the evidence failed to establish that plaintiff sustained any injury of the back or hip at the time of the accident, and that

the only injury that plaintiff did sustain was the injury of the testicle, and that any disability resulting from that injury had ceased long prior to the time defendant ceased to pay compensation.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that plaintiff's demands be rejected at his cost.